```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
LARA S. TRAFELET,

                        Petitioner,

        -against-                                    22 Civ. 4888 (AT)

CIPOLLA & CO, LLC,                                   ORDER

                        Respondent.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/27/2023_

ANALISA TORRES, District Judge:

      The Court has reviewed Petitioner's letter motion dated January 17, 2023, ECF Nos. 86–87, and Respondent's opposition to Petitioner's motion dated January 25, 2023, ECF Nos. 89–90. For the following reasons, Petitioner's motion is DENIED.

      Petitioner filed a motion to enjoin Respondent from asserting liens on Petitioner's assets based on an arbitration award, compel Respondent to send a letter to Petitioner's co-op president retracting its prior letter stating that it holds a lien over Petitioner's co-op shared, and compel Respondent to withdraw or cancel its U.C.C. financing statement and any other financing statements pertaining to Petitioner's assets. Pl. Mot., ECF No. 86. Petitioner concedes that the arbitration award gives Respondent a lien over certain of her property, but contends that the liens are not enforceable unless and until the arbitration award is confirmed. *Id.* at 1–2.

      Respondent argues that it can take action based on an arbitration award even in the absence of confirmation. Def. Opp. at 2, ECF No. 89. Respondent further argues that it has a contractual lien, which was confirmed in the arbitration proceeding which Petitioner now seeks to vacate and Respondent seeks to confirm. *Id.* at 1. Petitioner contends that the contract is unenforceable because it is impermissibly vague. Pl. Mot. at 3; Def. Opp. at 3. Respondent states that detailed descriptions of the collateral against which it can assert a lien pursuant to its contract with Petitioner are contained in Petitioner's martial settlement, a separate document referenced in the disputed contract. Def. Opp. at 3. Respondent argues that, therefore, the contract is not impermissibly vague and is enforceable. *Id.* at 3–4. Finally, Respondent contends that Petitioner seeks an injunction preventing enforcement of a contractual lien pending the resolution of this matter, but that Petitioner may not do so in a summary proceeding in which the Court has limited jurisdiction, and where Petitioner did not include in her petition a request for injunctive relief, let alone plead the elements required to support injunctive relief. *Id.* at 4.

      Petitioner commenced this action with a petition to vacate an arbitration award. ECF No. 5. Although Petitioner labeled her motion as a motion to compel, she actually seeks preliminary injunctive relief preventing Respondent from asserting its contractual rights during the pendency of this litigation. *See* Pl. Mot.; *Torres v. UConn Health*, No. 17 Civ. 325, 2017 WL 3713521, at *1 (D. Conn. Aug. 29, 2017). A court lacks jurisdiction to issue injunctive relief when the complaint does not allege issues related to the request for relief. *See Delgado v. Donald J. Trump for President, Inc.*, No. 19 Civ. 11764, 2022 WL 767166, at *5 (S.D.N.Y. Mar. 14, 2022) (citing *Stewart v. U.S. Immigr.*

*& Naturalization Servs.*, 762 F.2d 193, 199 (2d Cir. 1985)).  Here, the Petition does not plead any facts related to the relief requested.  The petition does not mention liens, collateral, or security interests held by Respondent in Petitioner's property.  ECF No. 5.  Moreover, Petitioner has not made a sufficient showing of harm justifying her requested relief, nor shown that the balance of equities weighs in her favor.  *See Torres*, 2017 WL 3713521, at *1.

Therefore, Petitioner's motion is DENIED.  The Clerk of Court is directed to terminate the motions at ECF Nos. 86 and 87.

SO ORDERED.

Dated: January 27, 2023
        New York, New York

                                                                _____
                                                                ANALISA TORRES
                                                                United States District Judge